| | |
|---|---|
| 1  BENJAMIN B. WAGNER<br>   United States Attorney<br>2  LAUREL D. WHITE<br>   Executive Assistant U.S. Attorney<br>3  501 I Street, Suite 10-100<br>   Sacramento, California 95814<br>4  Telephone: (916) 554-2780 |  |

```
 7              IN THE UNITED STATES DISTRICT COURT

 8              FOR THE EASTERN DISTRICT OF CALIFORNIA


10  UNITED STATES OF AMERICA,    )   No. CR-S 09-523-EJG
                                 )
11                  Plaintiff,   )   PLEA AGREEMENT
                                 )
12       v.                      )
                                 )
13  BRADLEY ALAN DAYLEY,         )
                                 )   DATE: September 9, 2011
14                  Defendant.   )   TIME: 10:00 a.m.
                                 )   COURT: Hon. Edward J. Garcia
```

I.

**INTRODUCTION**

**A.  Scope of Agreement**:  The Indictment in this case charges the defendant with possession of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B); and production of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2251(b). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any

**Dayley Plea Agreement**
**9/9/11**                                    1

other federal, state, or local prosecuting, administrative, or regulatory authorities.

    **B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

    **A. Guilty Pleas:** The defendant will plead guilty to the two charges set forth in the Indictment alleging possession and production of visual depictions of minors engaged in sexually explicit conduct. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate. The defendant further agrees to a sentence within the sentencing guideline range found by the Court to apply to him, or the mandatory minimum sentence of 15

years, whichever is higher.[1]

**B. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of his offense. Payment should be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C. Fine:** The defendant agrees to pay a criminal fine, unless he can establish he lacks both the present and future ability to pay a fine.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

**E. Forfeiture:** The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18

---

[1] The defendant has already pleaded guilty to state charges filed by the Sacramento County District Attorney alleging multiple counts of California Penal Code Section 288.7(b) - oral copulation of a minor under the age of 10, and multiple counts of California Penal Code Section 288(a) - lewd acts with a child. He faces a state sentence of 60 years to life.

U.S.C. § 2253.  Those assets include, but are not limited to, the following:

    (1)  Black WD External Hard Drive;

    (2)  Blue Thumb Drive;

    (3)  Apple Monitor/Computer;

    (4)  Sony Cybershot Digital Camera;

    (5)  Thumb drives;

    (6)  Olympus Digital Camera;

    (7)  7 VHS Tapes;

    (8)  Numerous CDs;

    (9)  Blackberry cell phone;

    (10) White Apple Mac Book;

    (11) Sony Handicam; and

    (12) Canon Camera.[2]

The defendant agrees that the above-listed property constitutes or is traceable to gross profits or other proceeds obtained directly or indirectly from a violation of 18 U.S.C. §§ 2251(b) and 2252(a)(4)(b), or was used or intended to be used to commit or to promote the commission of violations of 18 U.S.C. §§ 2251(b) and 2252(a)(4)(B).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

---

[2]Defendant stipulates that the items listed above were used to produce the sexually explicit images of minors and/or to possess visual depictions of minors engaged in sexually explicit conduct.

**Dayley Plea Agreement**
**9/9/11**                                             4

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the States of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

**F.   Sex Registrationd/DNA Testing**: DAYLEY understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA),[3] and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250. The defendant also understands and agrees that

---

[3] See the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act), P.L. 109-248, enacted July 27, 2006.

**9/9/11**                                          5

1  as a consequence of his conviction he will be ordered to submit to
2  the collection of his DNA.

### III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations:**

   **1. Charges:** The government agrees not to file any additional production charges relevant to the victim identified in Count One of the indictment.

   **2 Incarceration Range:** The government will recommend that the defendant receive a sentence that falls within the sentencing guideline range found by the court to apply to him or the 15 year mandatory minimum, whichever is higher.

   **3. Acceptance of Responsibility:** The government agrees to recommend that the defendant receive a two-level downward adjustment in his offense level for acceptance of responsibility, in accordance with U.S.S.G. § 3E1.1(a). The government's recommendation is contingent upon defendant's truthful acknowledgment of the facts of his crimes and his cooperation with the Probation Officer during the sentencing process, and his ongoing demonstration of remorse and a showing he fully and clearly accepts responsibility for his criminal conduct.

   If the defendant's guilty plea is timely entered, thereby preventing the government from having to engage in trial preparation, the government will recommend to the court that he receive the additional one-level adjustment for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).
///

## IV.

## ELEMENTS OF THE OFFENSE

**A.  Elements of the Offense:** In order for the defendant to be found guilty of 18 U.S.C. § 2251(b) as alleged in Count One, the government would be required to prove beyond a reasonable doubt that: 1) at the time of the offense, the Victim was under the age of 18; 2) the defendant was a parent, legal guardian, or person having custody or control of the victim; 3) the defendant knowingly permitted the Victim to a) engage in sexually explicit conduct; or b) assist any other person to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and 4) a) the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce; or b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or c) the visual depiction was actually mailed or transported across state lines or in foreign commerce.

To be found guilty of possessing one or more matters containing visual depictions of minors engaged in sexually explicit conduct as alleged in Count 2 of the Indictment, the government would have to establish the following elements beyond a reasonable doubt:

(1) that the defendant knowingly possessed one or more matters, and that they contained visual depictions of minors engaged in sexually explicit conduct; (2) that among the visual depictions in each matter there were images of minors engaged in sexually explicit

conduct as defined in 18 U.S.C. § 2256; (3) that the producing of the visual depictions of minors in each matter involved the use of a person under the age of 18 engaging in sexually explicit conduct; and (4) that the visual depictions in each matter were transported in interstate or foreign commerce, or the visual depictions were produced using materials which had been transported in interstate or foreign commerce, including by computer.

Sexually explicit conduct means actual or simulated - (A) sexual intercourse, including genital-genital, oral genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.  18 U.S.C. § 2256(2)(A).

Producing means producing, directing, manufacturing, issuing, publishing, or advertising.  18 U.S.C. § 2256(3)

## V.

### MAXIMUM SENTENCE

**A.  Maximum Penalty:**   The maximum sentence the court can impose for producing a visual depiction of a minor engaged in sexually explicit conduct as alleged in Count One, is 30 years.  The production charge also carries a 15-year mandatory minimum.

The maximum sentence for possessing matter containing visual depictions of minors engaged in sexually explicit conduct as alleged in Count Two is 10 years in prison.

Each of the two charges carries a possible fine of $250,000; a 5-year to possible lifetime term of supervised release; and a special assessment of $100.

By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B. Violations of Supervised Release**: The defendant understands that if he violates a condition of supervised release at any time during the supervision term, the Court may revoke the term of supervised release and require the defendant to serve up to 5 additional years of imprisonment. If the defendant commits certain specified felonies against children delineated in 18 U.S.C. § 3583(k) while on supervised release, the court is required to revoke supervised release and impose a sentence of imprisonment of at least five years.

## VI.

### SENTENCING DETERMINATION

**A. Statutory Authority**: The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing

range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation:** The government and the defendant enter into no stipulations concerning the sentencing guidelines and enhancements that should be applied in this case.  The government agrees to recommend a sentence within the applicable sentencing guideline range found by the court to apply to him, or the mandatory minimum term of imprisonment, whichever is higher.

**1. Criminal History:** The parties do not stipulate to defendant's criminal history category.

**2. Sentencing Range:** Where the parties do not stipulate to defendant's criminal history category and offense level, the parties do not stipulate to a sentencing guideline range.

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if

already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal his conviction. Defendant further gives up his right to appeal any aspect of the sentence imposed in this case, provided he is sentenced within the sentencing guideline range found by the court to apply to him or the mandatory minimum sentence, whichever is higher. He gives up his right to appeal any order of restitution the Court may impose.

The defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant ever attempts to vacate his plea, dismiss the underlying charge, or reduce or set aside his sentence on the charge to which he is pleading guilty, the government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty; and (2) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have

to the government's decision.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

     **C.  Waiver of Attorneys' Fees and Costs:**  The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

## VIII.

### ENTIRE PLEA AGREEMENT

     Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///
///
///

## IX.

## APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: 9/2/11

SCOTT TEDMON
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to all of the terms set forth herein, as well as the facts set forth in the Factual Basis, Exhibit A. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. I specifically acknowledge that the plea agreement contains a waiver of appeal rights. I acknowledge that my attorney has advised me of my rights to appeal and collateral attack, I further acknowledge that I understand the consequences of my appeal waivers, and I have agreed to waive all rights to appeal my guilty plea and the sufficiency of the evidence against me and to attack collaterally my guilty plea and the sufficiency of the evidence against me, pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241. I also agree to waive all rights to appeal my sentence so long as I am sentenced within the sentencing guideline range found by the court to apply to me or the mandatory minimum sentence, whichever is higher. I further acknowledge that I have agreed to

1  waive my right to collaterally attack any aspect of my sentence
2  pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241. No other
3  promises or inducements have been made to me, other than those
4  contained in this Plea Agreement.  In addition, no one has
5  threatened or forced me in any way to enter into this Plea
6  Agreement.  Finally, I am satisfied with the representation of my
7  attorney in this case.

DATED: 9/2/11                              _____
                                           BRADLEY ALAN DAYLEY, Defendant

**C.  Attorney for United States:**  I accept and agree to this Plea Agreement on behalf of the government.

DATED: 9-2-11                              BENJAMIN B. WAGNER
                                           United States Attorney

                                           By: _____
                                           LAUREL D. WHITE
                                           Exec. Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

In or about August 2009, Detective James Williams of the Sacramento based-Internet Crimes Against Children Task Force, contacted Elk Grove Police Detective Kevin Papineau to inform him that he had obtained images from the National Center For Missing and Exploited Children which was trying to identify a child they believed was being sexually abused in the Elk Grove area.  The images had been transported via the internet to a foreign country and the background of one of the pictures indicated the victim was photographed in the city of Elk Grove.  The images depicted the same approximately 10-12 year old girl engaged in sexually explicit conduct, specifically, lascivious exhibition of her genitalia and oral copulation. Other non-pornographic images of the girl had also been uploaded to the internet. In one, the girl was seen wearing a bathing suit and a garbage can in the background had the City of Elk Grove California seal on it.  In another image of the same girl, she appeared in a girl scout uniform with two other girl scouts. The metadata on this photo revealed it was taken on May 12, 2007 with a DSC-W55 camera.  When Detective Papineau reviewed other images and videos of the girl, he learned that the girl had been photographed engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256, between May, 2007 and December, 2008.  All of the pictures were taken on Fridays or weekends or during the summer months.

Through extensive investigation, Detective Papineau was able to identify the Elk Grove Girl depicted in the above-referenced images

**Dayley Plea Agreement**
9/9/11                                      1

1  and videos.  She is identified as B.W.  Detective Papineau learned
2  that B.W. was the daughter of defendant Bradley Dayley whose
3  residence was in Elk Grove, State and Eastern District of
4  California.
5      A search warrant was obtained for Dayley's residence and on
6  September 23, 2009, Elk Grove Police detectives searched Dayley's
7  residence and seized computer equipment.  Once Dayley's residence
8  was secured, Detective Papineau walked through and observed the
9  interior of the residence and the backyard area.  When Det. Papineau
10 compared the background of the sexually explicit images depicting
11 B.W., he discovered that the background was identical to that of the
12 defendant's residence in Elk Grove.[4]
13     When the defendant was interviewed he acknowledged that B.W.
14 was his daughter and explained he had visitation rights which
15 permitted him to see his daughter who stayed with him on weekends
16 and during the summer.  Dayley ultimately admitted taking naked
17 pictures of B.W., as well as the pictures and videos Detective
18 Papineau had viewed and found to be sexually explicit.  The
19 defendant also admitted performing oral sex on the girl six times
20 and video recording each incident.  Detective Papineau found
21 evidence of these video recordings when he reviewed the defendant's
22 computer hard drive and other electronic storage media.
23     When B.W. was interviewed she acknowledged she had engaged in

---

[4] Detective Papineau also learned that Dayley had lived at another location in Elk Grove on Cleary Circle.  When Papineau went to that location, he discovered that Dayley had taken pictures of B.W. at this location too, because the background was the same as that in the image that featured the Elk Grove garbage can.

**Dayley Plea Agreement**
9/9/11                                 2

1 sexual conduct with the defendant.  She said he took pictures of her
2 "millions of times."  She said he took picture of her when she was
3 nude, lying down on the bed, and that he would touch her breasts and
4 vagina with his hand.  She said he also kissed her "above her
5 vagina" more than once.
6     B.W.'s mother said that when B.W. started 5th grade in 2007, she
7 was 10 and a half years old.  She turned 11 on December 3, 2007.
8 When B.W.'s mother was shown two sexually explicit images of B.W.
9 which had been cropped, and asked to opine B.W.'s age, she reported
10 that B.W. was likely 6 or 7 in one of the images, and 8 and 9 in
11 others.  She also reported that these images had to have been taken
12 at Dayley's previous Elk Grove house on Cleary Circle.
13     When Detective Papineau reviewed Dayley's computer equipment he
14 found hundreds of still and video depictions of B.W. engaged in
15 sexually explicit conduct as defined in 18 U.S.C. § 2256.  As an
16 example, among the computer folders depicting the minor victim,
17 detective Papineau found a series of images with a file creation
18 date of August 20, 2009 depicting B.W. lying on her back on a bed.
19 One of the images shows a male hand inserting a vibrator into the
20 minor's vagina.  Several of these images depict a penis partially
21 inserted into the victim's vagina.  Several of these pictures were
22 saved to a folder named "12yo5mo19days".  Counting from B.W.'s
23 birthday that would indicate a date of 05/22/2009.  When Detective
24 Papineau accessed the camera properties of those images he found
25 they had been taken on 05/22/2009 with a DSC-W55 camera.
26     Detective Papineau also found that Dayley's computer hard drive
27 contained thousands of sexually explicit images and videos of other
28

**Dayley Plea Agreement**
**9/9/11**                                3

children.[5] When asked, Dayley admitted collecting child pornography depicting minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.  Among the images he possessed were images depicting previously identified victims of child sexual assault whose visual depictions were produced outside the state of California.  All of the equipment items identified in the Forfeiture Allegation and listed at page 4 of the Plea Agreement, including the I Mac computer used by defendant to possess his collection of child pornography, were manufactured outside the state of California. Among the cameras used by the defendant to produce the sexually explicit images of minors were an Olympus C860L or D360L, a Sony DSC-W55 camera, a Canon camera and Sony Handicam, all manufactured outside California.

---

[5] Detective Papineau found 602 videos and more than 2,700 images depicting young children and teenage females engaged in sexually explicit conduct.  Among the images Papineau found on one of the thumb drives seized were images of a girl identified as Victoria D. She was depicted engaged in sexual conduct with the defendant.  When interviewed, Victoria acknowledged she had engaged in sex acts with the defendant and that she was a minor at the time.  The images of Victoria were taken with a Sony DSC-W55 camera, which was manufactured in China.

**Dayley Plea Agreement**
**9/9/11**                                                        4