BENJAMIN B. WAGNER
United States Attorney
LAUREL D. WHITE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2780

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRADLEY DAYLEY,<br><br>        Defendant. | No. CR-S 09-523-EJG<br><br>GOVERNMENT'S SENTENCING MEMORANDUM and NOTICE OF INTENT TO ALLOCUTE.<br><br>DATE: January 6, 2012<br>TIME: 10:00 a.m.<br>COURT: Hon. Edward J. Garcia |

The government has received and reviewed the final Presentence Report prepared in this case, and the defendant's Sentencing Memorandum. For the reasons set forth in the Presentence Report, the government asks that the Court follow the recommendation of the Probation Officer and sentence the defendant to a 360-month term of imprisonment, to run consecutively to the 60 year, 8-month sentence imposed in State Court. The government also concurs with the Probation Officer's recommendation of a 10-year term of Supervised Release.

In his sentencing memorandum, the defendant asks the court to run the federal sentence concurrently with his state sentence. As justification, he argues that the state and federal charges were

**Government's Sentencing Memorandum/
Notice of Intent to Allocute
U.S. v. Dayley, No.Cr.S 09-523-EJG**      1

factually related and occurred during the same time period.  It is true that the state and federal offenses occurred during the same time period, but the federal crimes to which the defendant pleaded guilty were distinctly different from his state crimes.  In the state court case, the defendant pleaded guilty to various offenses involving the hands-on sexual abuse of his minor daughter.  He was not charged with and did not plead to state child pornography charges.  What he did in the federal case was to essentially memorialize his acts of sexual abuse by recording the acts and then sharing the abuse and shame he inflicted on his daughter with a global population of other like-minded individuals.   He also was charged with and pled to possessing child pornographic images and videos depicting other child victims of sexual abuse.  This conduct was clearly apart and separate from the sex acts he inflicted upon his daughter.

    In United States v. Bidwell, the 11th Circuit reached the same conclusion, finding that the Federal Sentencing Guidelines do not mandate that sentences for federal offenses involving producing and transporting child pornography, run concurrently with those for previous state-court convictions for rape and aggravated child molestation, even though the federal offenses were based on the filming of and distribution of, files of the same acts forming the basis for the state convictions.   United States v. Bidwell, 393 F.3d 1206, 1209-10 (11th Cir., 2004).  The Guidelines require concurrence only if the conduct giving rise to the undischarged state prison term has been "fully taken into account in the determination of the offense level" for the  federal offenses.  That

**Government's Sentencing Memorandum/**
**Notice of Intent to Allocute**
**U.S. v. Dayley, No.Cr.S 09-523-EJG**     2

would be impossible in this case since the video taping of the sexual abuse is a different crime from the abuse itself. <u>Id</u>. at 1210, citing <u>United States v. Terry</u>, 305 F.3d 818, 826 (8th Cir. 2002).

As this court is no doubt aware, having heard countless victim impact statements from child victims of pornography trafficking, many victims indicate that they can heal from the actual sexual abuse given time and counseling. What is difficult to get over, however, is the knowledge that images of their abuse are being distributed freely throughout the world via the internet. Knowing they will never be able to get those images back, and that these images will be available for anyone to view well past a victim's lifetime makes the harm of pornography production and trafficking all the more insidious. To do as this defendant did - to produce and traffic in images depicting the sexual abuse of his daughter - was to contribute to the demanding market for child pornographic images and to promote the conduct depicted in the images. The harm to his victim will be difficult, if not impossible to overcome.

Further, the state has it's own interest in sanctioning Mr. Dayley for the abuse he inflicted on his daughter. To impose a federal sentence, and order it to be run concurrently with the state prison term, would undermine the state's interest in punishing the defendant fully for the conduct he pled guilty to in state court.

Therefore, the government respectfully requests the court impose a sentence consistent with the Probation Officer's recommendation.

///

<u>Notice of Intent to Allocute</u>

The government has been informed that the minor Victim's mother wishes to address the Court at the defendant's sentencing hearing. Pursuant to 18 U.S.C. § 3771(a)(4) a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."[1]

DATED: January 3, 2012          Respectfully submitted,

                                BENJAMIN B. WAGNER
                                United States Attorney


                           By:  /s/ Laurel D. White
                                LAUREL D. WHITE
                                Assistant U.S. Attorney

---

[1] Section 3771(d)(1) of Title 18 provides that the crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a). In the case of a crime victim who is under 18 years of age,...the legal guardians of the crime victim...[or] family members...may assume the crime victim's rights under Section 3771 of Title 18, United States Code.  See Title 18 United States Code Section 3771(e).

**Government's Sentencing Memorandum/**
**Notice of Intent to Allocute**
**<u>U.S. v. Dayley</u>, No.Cr.S 09-523-EJG**     4